**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| MARIA E. SILLER, CLAYTON SILLER,<br><br>   Plaintiffs,<br>v.<br><br>STEPHEN ALOYA, et al.,<br><br>   Defendants. | CASE NO. 14cv1810-GPC (MDD)<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1)<br><br>[ECF NO. 20] |
|---|---|

Plaintiffs, proceeding *pro se* with a civil Complaint [ECF No. 1] has submitted a motion in which they request that the Court appoint counsel for them pursuant to 28 U.S.C. § 1915(e)(1). [ECF No. 20].

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819,

823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiffs have a sufficient grasp of their case, the legal issues involved, and are able to adequately articulate the basis of their claims. Additionally, the Court's docket reflects that Plaintiffs have already effected service of their Complaint and summons upon five of the named Defendants in the case.

**Conclusion and Order**

Accordingly, under the circumstances of this case, the Court finds that Plaintiffs have failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiffs' Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [ECF. No. 20].

**IT IS SO ORDERED.**

DATED: October 22, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge