# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. SILLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IRS AGENT STEPHAN ALOYA, et al.,<br><br>Defendants. | CASE NO. 14cv1810-GPC-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT;**<br><br>[Dkt. No. 26.]<br><br>**(2) DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT;**<br><br>[Dkt. Nos. 11, 14, 16.]<br><br>**(3) VACATING HEARING DATE** |

## INTRODUCTION

Plaintiffs Maria E. Siller and Clayton Siller ("Plaintiffs") filed this civil action arising from their mortgage agreement. Before the Court are motions to dismiss Plaintiffs' original Complaint by Defendants David Parker, 21st Mortgage Corporation, Ocwen Servicing, LLC, and Litton Loan Servicing LLC ("Defendants"). (Dkt. Nos. 11, 14, 16.) The Parties have fully briefed the motions. (Dkt. Nos. 28, 30, 32, 38-40.)

Also before the Court is Plaintiffs' motion for leave to file an amended

n/a

complaint (Dkt. No. 26), which Defendants have opposed (Dkt. Nos. 35-37).

The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set out below, the Court **GRANTS** Plaintiffs' motion for leave to file an amended complaint, and **DENIES AS MOOT** Defendants' motions to dismiss Plaintiffs' original Complaint.

## BACKGROUND

In early 2006, Plaintiffs entered into a mortgage refinancing agreement with lender Option One Mortgage Corporation through mortgage broker MD Mortgage. (Dkt. No. 26 at 13-14, 19.) Soon afterward, Plaintiffs tried to cancel the agreement because they received only about a $15,000 payment, rather than the $27,000 they had allegedly agreed to and were expecting. (*Id.* at 14, 19.)

In June 2006, Plaintiffs filed a complaint in California state court against MD Mortgage, Option One, and other defendants arising from the mortgage agreement and alleging breach of the Truth in Lending Act ("TILA"), violations of the Real Estate Settlement and Procedures Act ("RESPA"), breach of contract, fraud/misrepresentation, breach of fiduciary duty/conversion, and quiet title. (Dkt. No. 26 at 3; Dkt. No. 36 at 6.) Plaintiffs, through counsel, filed a first amended complaint in March 2007 (Dkt. No. 36 at 36), and a second amended complaint in December 2007 (Dkt. No. 36 at 7, 87).[1] In October 2008, the state trial court granted summary judgment in favor of Option One. (Dkt. No. 36 at 170, 178.) On appeal, the

---

[1] Defendant David Parker ("Parker") requests that the Court take judicial notice of ten court records from Plaintiffs' prior state court action. (Dkt. No. 36-1.) Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of relevant court records under Federal Rule of Evidence 201. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9h Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted)). Here, the Court finds that Defendant Parker's requests for judicial notice are properly noticeable, and therefore takes judicial notice of the documents.

1 Court of Appeal affirmed the trial court's ruling on all of Plaintiffs' claims against Option One except one claim concerning California Financial Code section 50505. (Dkt. No. 36 at 175, 205, 209; *see also* Dkt. No. 26 at 4.) In April 2011, the trial court granted Option One's motion for judgment on the pleadings on the sole remaining claim, and entered judgment. (Dkt. No. 36 at 212-29.)

## PROCEDURAL HISTORY

Over three years later, on August 1, 2014, Plaintiffs, proceeding *pro se*, filed this action against IRS Agent Stephan Aloya, several attorneys, a paralegal, and various successors-in-interest to their mortgage. (Dkt. No. 1.) The original Complaint contains less than two pages of allegations and does not allege any causes of action, but includes over one hundred pages of exhibits. (*Id.*)

In September 2014, some of the defendants – David Parker (Option One's attorney in the underlying state court action), 21st Mortgage Corporation, Ocwen Servicing, LLC, and Litton Loan Servicing LLC ("Defendants") – filed three separate motions to dismiss or strike Plaintiffs' Complaint. (Dkt. Nos. 11, 14, 16.) Plaintiffs opposed, (Dkt. Nos. 28, 30, 32), and Defendants replied (Dkt. Nos. 38-40).

On November 20, 2014, while the motions to dismiss or strike the original Complaint were pending, Plaintiffs filed a motion for leave to file an amended complaint. (Dkt. No. 26.) Plaintiffs' motion includes a copy of a proposed amended complaint. (Dkt. No. 26 at 9-25.) The proposed amended complaint adds a few defendants and alleges seven causes of action: (1) breach of TILA; (2) violations of RESPA; (3) breach of contract; (4) fraud/misrepresentation; (5) breach of fiduciary duty - conversion; (6) quiet title; and (7) negligence.

In December 2014, Defendants filed three oppositions to Plaintiffs' motion for leave to file an amended complaint. (Dkt. Nos. 35-37.) Plaintiffs did not reply.

///
///

# DISCUSSION

## A. Legal Standard Under Federal Rule of Civil Procedure 15(a)

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "'shall freely be given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation and internal quotation marks omitted). This liberality is "applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs Ltd.*, 833 F.2d at 186; *but see Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

Because Rule15(a) favors a liberal amendment policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend,

1  *DCD Programs*, 833 F.2d at 186, but when combined with a showing of prejudice,
2  bad faith, or futility of amendment, leave to amend will likely be denied.  *Bowles v.*
3  *Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  The single most important factor is
4  whether prejudice would result to the non-movant as a consequence of the
5  amendment.  *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d
6  1014, 1053 n.68 (9th Cir. 1981).

**B.    Analysis**

Plaintiffs contend that they should be granted leave to amend because new issues have developed in the case, defendants will not be prejudiced, and this is Plaintiffs' first request to amend. (Dkt. No. 26 at 5-7.)  Defendants argue that the proposed amendment is futile.  (Dkt. Nos. 35-37.)  Specifically, Defendants argue that Plaintiffs' causes of action in their proposed amended complaint fail to state a claim because: (1) they are barred by the doctrines of res judicata and collateral estoppel based on Plaintiffs' prior state court action; (2) they are time-barred by the applicable statutes of limitations; (3) they fail to allege any wrongdoing by these specific Defendants; and (4) Defendant Parker is protected by the litigation privilege under California Civil Code § 47(b) for his representation of Option One in Plaintiffs' prior state court proceedings.  (*Id.*)

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed.  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against

denying a motion for leave to amend based on futility."). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *U.S. Bank Nat'l Ass'n v. Friedrichs*, No. 12cv2373-GPC(KSC), 2013 WL 6686327, at *4 (S.D. Cal. Dec. 17, 2013); *Lillis v. Apria Healthcare*, No. 12cv52-IEG(KSC), 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012).

At this stage of the proceedings, the Court need not consider the validity of the proposed amended complaint, and in light of the Ninth Circuit's extremely liberal policy favoring leave to amend, particularly in the *pro se* context, the Court **GRANTS** Plaintiffs' motion for leave to file an amended complaint. *See U.S. Bank Nat'l Ass'n*, 2013 WL 6686327, at *4; *Lillis*, 2012 WL 4760908, at *1.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1) the Court **GRANTS** Plaintiffs' motion for leave to file an amended complaint. (Dkt. No. 26.) Plaintiffs shall file their amended complaint by **January 30, 2015**.

(2) the Court **DENIES AS MOOT** Defendants' motions to dismiss Plaintiffs' original Complaint. (Dkt. Nos. 11, 14, 16.)

(3) the Court hereby **VACATES** the hearing date set for this matter on January 23, 2015 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED: January 14, 2015

HON. GONZALO P. CURIEL
United States District Judge