1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARIA E. SILLER, et al.,              CASE NO. 14cv1810-GPC-MDD

12                        Plaintiffs,      **ORDER DENYING PLAINTIFFS'
                                           MOTION TO RECONSIDER**
13        v.                               **ORDER DENYING TEMPORARY
                                           RESTRAINING ORDER AND/OR**
14                                         **PRELIMINARY INJUNCTION**
     IRS AGENT STEPHAN ALOYA, et
15   al.,                                  [Dkt. No. 83.]

16                        Defendants.

17

18        On February 12, 2015, the Court denied Plaintiffs Maria E. Siller and Clayton

19   Siller's ("Plaintiffs") motion for a temporary restraining order or preliminary injunction

20   to prevent the foreclosure sale of their home, which was scheduled for February 17,

21   2015.  (Dkt. No. 65.)

22        On April 7, 2015, Plaintiffs filed the instant motion to reconsider the Court's

23   order denying their motion for a temporary restraining order or preliminary injunction.

24   (Dkt. No. 83.)  Plaintiffs admit that their home was foreclosed upon and sold at a

25   trustee's sale on February 17, 2015.  (*Id.* at 2.)

26        Plaintiffs' motion for reconsideration is moot because the foreclosure sale of

27   their home has already taken place.  *See Vegas Diamond Props., LLC v. FDIC*, 669

28   F.3d 933, 936 (9th Cir. 2012) (requested relief was moot because the properties had

1  already been sold and therefore the activities sought to be enjoined could no longer be
2  prevented).

3      The Court notes that Plaintiffs also state they are "currently contesting an
4  eviction action in San Diego County Superior court" and ask this Court to bar "any
5  further action to foreclose or evict plaintiffs from their home." (Dkt. No. 83 at 2, 8.)
6  However, this Court is prevented from intervening in the eviction action by the Anti-
7  Injunction Act.  "The Act 'is an absolute prohibition against enjoining state court
8  proceedings, unless the injunction falls within one of [the] three specifically defined
9  exceptions," and "[a] number of district courts have found that a stay of unlawful
10 detainer proceedings does not fall into one of the exceptions listed in the Act."
11 *Maramag v. Wash. Mut. Bank, F.A.*, No. 12-cv-2156-PJH, 2012 WL 4051200, at *2
12 (N.D. Cal. Sept. 13, 2012) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive*
13 *Eng'rs*, 398 U.S. 281, 286 (1970)).

14     Moreover, Plaintiffs have not shown that reconsideration is warranted under the
15 Federal Rules of Civil Procedure.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v.*
16 *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

17     Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration.
18     **IT IS SO ORDERED.**
19
20 DATED:  April 8, 2015
21
22 HON. GONZALO P. CURIEL
   United States District Judge
23
24
25
26
27
28